## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JUAN HERNANDEZ, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-1220 |
| | ) | |
| COASTAL CAPITAL PROCESSING | ) | |
| LLC d/b/a BOURNVIEW | ) | |
| RECOVERY GROUP and JOHN DOE, | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Now comes JUAN HERNANDEZ ("Plaintiff"), complaining as to the conduct of

COASTAL CAPITAL PROCESSING LLC d/b/a BOURNVIEW RECOVERY GROUP

("CCP") and JOHN DOE (collectively, "Defendants").

### NATURE OF THE ACTION

1.      Plaintiff brings this action pursuant to the Fair Debt Collection Practices

Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C.

§§ 1331 and 1337 as the action arises under the laws of the United States.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of

the events giving rise to the claims occurred within this District.

[ 1 ]

## PARTIES

4.      Plaintiff is a natural person residing in New Jersey.

5.      Defendant CCP is a New York limited liability company.

6.      John Doe is an employee of Defendant.  On information and belief, John Doe resides in this District.

## FACTS SUPPORTING CAUSES OF ACTION

7.      Years ago, Plaintiff defaulted on a payday loan from the lender Check Into Cash Inc. that he used for his everyday subsistence, including purchasing food and household items for personal use.

8.      After the loan was in default, CCP acquired the account.

9.      John Doe, an employee of CCP, repeatedly called Plaintiff and threatened him with lawsuits.

10.     CCP does not file lawsuits against consumers, and CCP had no legal ability to bring a lawsuit against Plaintiff in any state where Plaintiff would have been subject to jurisdiction.

11.     On information and belief, neither John Doe nor CCP ever intended to file a lawsuit against Plaintiff on the account.

12.     Further, John Doe and CCP repeatedly referred to CCP as "Bournview Recovery Group," and never referred to CCP by its true legal name.

13.     Although CCP has purportedly registered "Bournview Recovery Group" as a "dba" in some county in New York, it has not, upon reference, registered this fictitious name in New Jersey.

14.    Further, on information and reference, CCP has not registered this trade name in any other place where Plaintiff would have had the capability to look it up.

15.    On information and belief, CCP fails to widely register the trade name "Bournview Recovery Group" to make it more difficult for consumers to find FDCPA counsel willing to sue CCP.

16.    Plaintiff retained a law firm to enforce his FDCPA rights against CCP, but even this law firm did not discover the true legal name of CCP.  Plaintiff only learned the true legal name of CCP upon retaining a second set of counsel (the undersigned) with specific experience handling issues with CCP.

17.    Further, Defendants failed to ever send Plaintiff the federally required notice commonly known as a § 1692g notice.

18.    Plaintiff has suffered significant frustration and confusion as a result, and he has had considerable difficulty enforcing his legal rights.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.    Plaintiff realleges the paragraphs above as though fully set forth herein.

20.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21.    Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

22.    In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

23.     The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes.

24.     Defendants violated the FDCPA in the following ways:

    **a.**   Placing telephone calls to Plaintiff without any meaningful disclosure of identity in violation of § 1692d(6), given that the trade name "Bournview Recovery Group" did not give Plaintiff reasonable notice of CCP's identity;

    **b.**   Threatening lawsuits even though these actions were never intended, in violation of § 1692e(5)

    **c.**   Using the fictitious business name "Bournview Recovery Services" rather than the true name of CCP, in violation of § 1692e(14);

    **d.**   Failing to send the required notice of debt collection pursuant to § 1692g.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**   Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.**   Awarding Plaintiff the costs of this action;

    **e.**   Awarding any other relief as this Honorable Court deems appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  September 11, 2019

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Attorney for Plaintiff*